UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:05CV00399

FILED
JUN 28 2005
Clerk, US Office
District Court
By_____ N.C.

| RICHARD R. HODGE, | ) | |
|---|---|---|
| Plaintiff, | ) | **CONSENT PROTECTIVE ORDER** |
| v. | ) | |
| VANDERBILT MORTGAGE AND FINANCE, INC., | ) | |
| Defendant. | ) | |

## Background Statement

In the course of discovery, the parties will request and exchange information and documents that are or may be of a personal and/or of a proprietary nature. The parties seek to limit the use of the information and documents to protect themselves from annoyance and potential embarrassment as well as to maintain the confidentiality of personal and/or proprietary information. Accordingly, they have agreed to the entry of this order to facilitate the production of the information requested and any information which has been or will be produced during discovery in this case.

## Protective Order
## Designation of Confidential Information

1. "Confidential information" as used herein means any type or classification of information which is designated as "confidential" in the manner specified below, in the good faith belief that such information falls within the scope of Rule 26(c) of the Federal Rules of Civil Procedure and is subject to this protective order. For purposes of this protective order, "confidential information" means proprietary, business, financial and/or personal information including but not limited to employee personnel files, pay information, medical records, drug testing documents, workers' compensation files, financial records, actuarial records and reports and information about disabilities, tax returns, retirement benefits, information relating to department reorganizations and selection processes for available positions, and customer information. "Confidential information" may include documents, information contained in documents, depositions, interrogatory answers, and all other discovery pursuant to the Federal Rules of Civil Procedure, court testimony, matters in evidence and other information furnished by or on behalf of any party in connection with this litigation which falls within the scope of this protective order.

2. The party producing any documents or information subject to this protective order shall have the right to use its discretion in designating materials subject to this order to be confidential information. However, the party shall be obligated to designate only documents or information which it believes in good faith to be information within the scope of Rule 26(c) of the Federal Rules of Civil Procedure. Moreover, the party shall be obligated to make specific designations to the extent reasonably possible and to avoid overbroad designations.

2

3. Any party producing documents may designate such documents and copies thereof as confidential by marking any confidential page as follows: CONFIDENTIAL. In lieu of placing said legend on the originals of documents, the producing party may legend the copies that are produced. When producing a multi-page document, all of which it contends is confidential, a party may designate the entire document as confidential by marking the cover page as follows: CONFIDENTIAL.

4. Information disclosed at the deposition of any party or at the deposition of one of its present or former officers, directors, employees or agents, or of independent experts retained by any party for purposes of this litigation may be designated by such party as confidential by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Order. Alternatively, such party may designate information disclosed at such deposition as confidential by notifying all parties in writing, within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which are confidential. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. All depositions shall be treated as confidential for a period of at least thirty (30) days after a full and complete transcript of said deposition is available.

## Use of Confidential Information

5. Confidential information shall be used only for the purpose of these proceedings and shall not be disclosed to any person except the following:

3

(a) Counsel for any party, the legal associates, clerical or other support staff of such counsel assisting in the preparation of this action, and the plaintiff, to the extent necessary to prepare his case for this litigation;

(b) Agents, representatives and employees of either party, as is necessary to prepare this case for litigation;

(c) Subject to the provisions of Paragraph 6 below, independent experts (who shall not be a party or an employee of a party) employed by counsel for the purpose of assisting in this action;

(d) A witness who is either the producing party or an employee of the producing party or a former or current employee of the producing party, as is necessary to prepare this case for litigation, and, the court reporter and courtroom personnel at any deposition, pretrial hearing, trial or other proceedings held in connection with this action;

(e) Subject to the provisions of Paragraph 7 below, any court, including this Court, or appellate body which has cause to consider any of the issues raised in this action;

(f) Jurors and prospective jurors;

(g) Or any other person or entity to whom this Court orders or allows disclosure after notice and opportunity for hearing.

4

## Non-Disclosure of Confidential Information

6. No person to whom confidential information is disclosed shall disclose such confidential information to any person to whom disclosure is not authorized by the terms hereof, or make any other disclosure of such confidential information for any purpose whatsoever, commercial or otherwise. In addition to the other restrictions on disclosure contained herein, the parties agree that no confidential information may be disclosed to any person (including any consultant, expert or employee of any party) until such person has read and signed a copy of this Order, thereby indicating his/her willingness to be bound by its provisions. The disclosing party shall have the obligation to maintain records identifying all such persons to whom information has been disclosed.

## Information Filed with the Court

7. Any confidential document obtained during discovery which is filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, the word CONFIDENTIAL. Said envelope or container shall not be opened without further order of the Court except by inspecting counsel who, after same is opened, shall return the document to the Clerk in a sealed envelope or container.

## General Conditions

8.  In the event that a party disputes the propriety of the designation of any material or information as confidential, that party may file a motion with the Court requesting a ruling regarding whether the material or information should be treated as confidential for purposes of this Consent Protective Order. No party shall be obligated to challenge the propriety of any designation of information as confidential and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

9.  At the conclusion of this litigation, the parties will contact the Court to obtain any confidential information in the Court's files so the parties may make appropriate disposition of all confidential information furnished pursuant to the terms of this Order. At the conclusion of the litigation, the parties agree to return any confidential information to the party providing the confidential information except transcriptions of depositions taken in the course of this proceeding.

10. This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to the confidential information. Specifically, this Protective Order shall not require any party to notify or to obtain permission from other parties before introducing materials designated confidential at trial or examining witnesses about materials designated confidential during depositions or at trial, beyond the notice required by the Federal Rules of Civil Procedure, local court rules or order of Court.

6

11. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to confidential information as that party may consider appropriate; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection, or is entitled to a more limited form of protection than designated.

It is so stipulated, this the 10th day of June, 2005.

_____
Norman B Smith
N.C. State Bar No. 4962
Smith, James, Rowlett & Cohen, LLP
Post Office Box 990
Greensboro, NC 27402-0990
Telephone: (336) 274-2992
Facsimile: (336) 274-8490
**Counsel for Plaintiff**

_____
Jill Stricklin Cox
N.C. State Bar No. 20145

_____
Candice S. Wooten
N.C. State Bar No. 28161
Constangy, Brooks & Smith, LLC
100 North Cherry Street, Suite 300
Winston-Salem, NC 27101
Telephone: (336) 721-1001
Facsimile: (336) 748-9112
**Counsel for Defendant**

7

It is so ORDERED, this the 28 day of June, 2005.

_____
United States District Court